558 A.2d 107

**COMMONWEALTH of Pennsylvania**

v.

**Robert W. BLACKWELL, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 17, 1989.

Filed May 8, 1989.

James R. Protasio, Williamsport, for appellant.

Brett O. Feese, District Attorney, Williamsport, for Com., appellee.

Before OLSZEWSKI, BECK and CERCONE, JJ.

OLSZEWSKI, Judge:

This is an appeal *nunc pro tunc* from a judgment of sentence after conviction for attempted rape, indecent assault, simple assault, terroristic threats and burglary. Appellant raises two issues for our consideration: first, whether the trial court erred in denying appellant's motion to suppress identification due to an impermissibly suggestive line-up; and second, whether the trial court erred in denying appellant's motion to dismiss on Rule 1100 grounds. For the following reasons, we vacate the order of the trial court granting appellant the right to file an appeal *nunc pro tunc.*

Appellant had originally been convicted in this matter, following a jury trial, on September 15, 1983. Post-verdict motions were denied and appellant was sentenced to ten-to-twenty years' imprisonment. An appeal to this Court was

filed on behalf of appellant; however, it was dismissed due to counsel's failure to file a brief. Thereafter, appellant filed a petition under the former Post Conviction Hearing Act, 42 Pa.C.S.A. § 9541 *et seq.* (repealed). Finding that appellant had been denied his right of appeal, the court granted him the right to appeal *nunc pro tunc.* New counsel was appointed and a brief filed; however, the two issues raised herein, while placed in statement of questions, were never argued in the body of the brief. In affirming the judgment of sentence, this Court found these two issues to be waived.

On April 18, 1988, appellant filed another petition, this time under the new Post Conviction Relief Act, 42 Pa.C.S.A. § 9541 *et seq.*[1] New counsel was appointed and on June 21, 1988, an amended PCRA petition was filed. Both petitions alleged the ineffectiveness of appellate counsel for failing to brief the aforementioned issues. The hearing court, after consideration of this petition, granted the request and gave leave to appellant to file an appeal *nunc pro tunc* limited to those issues deemed waived by this Court. Appellant then filed the instant appeal.

In its brief, one of the Commonwealth's contentions is that the hearing court erred in granting the relief requested by appellant in his second post-conviction petition. In support of this argument, the Commonwealth points to our Supreme Court's recent decision in *Commonwealth v. Lawson,* 519 Pa. 504, 549 A.2d 107 (1988). Before we can reach the merits of appellant's issues, we must address the Commonwealth's claim.

In *Lawson,* the defendant filed a petition under the former Post Conviction Hearing Act alleging ineffectiveness of counsel and was granted permission to file post-verdict motions *nunc pro tunc.* Following denial of these motions, an appeal was taken but denied. Thereafter, the

1. The Post Conviction Hearing Act has been modified in part, repealed in part, and renamed the Post Conviction Relief Act by Act of April 13, 1988, No. 47, §§ 3–4, 1988 Pa.Legis.Srv. 227, 229–232. Since appellant's second petition was filed after the effective date, it is controlled by the provisions of the PCRA.

defendant filed *pro se* a second PCHA petition alleging ineffectiveness of counsel for failure to raise a Rule 1100 issue. This petition was denied without a hearing. Additional *pro se* petitions were filed and denied; however, with the assistance of counsel, the defendant filed still another PCHA petition which was granted by the hearing court. This Court affirmed.

In reversing the order of this Court, our Supreme Court went on to state: "We therefore conclude that a second or any subsequent post-conviction request for relief will not be entertained unless a strong *prima facie* showing is offered to demonstrate that a miscarriage of justice may have occurred."[2] *Id.,* 519 Pa. at 513, 549 A.2d at 112. In deciding whether there was a miscarriage of justice present under the facts, the Court noted:

> With regard to the instant case, the petitioner does not attack the fairness of the trial that resulted in his conviction, nor does he even assert that he was innocent of the criminal charges involved. What he seeks to do is to negate his obligation to stand trial, and in that effort relies on a procedural technicality. There has been no showing of a miscarriage of justice that would warrant entertaining his repetitive application for collateral relief. This petition should have been dismissed by the court without a hearing.

*Id.*

While *Lawson* was decided by utilizing the provisions of the former Post Conviction Hearing Act, we find the same

**2.** In his concurring opinion, Justice Papadakos emphasized that the phrase "miscarriage of justice" is synonymous with the standard of "prejudice" enunciated in *Commonwealth v. Pierce,* 515 Pa. 153, 527 A.2d 973 (1987). In defining both, Justice Papadakos noted:

> A miscarriage of justice, like prejudice, can only occur where it is demonstrated that a particular omission or commission was so serious that it undermined the reliability of the outcome of the proceeding. Where a conviction can be shown to result from a breakdown in the adversary process, the conviction rendered is unreliable. Such a conviction is obviously prejudicial to the defendant and, if allowed to stand, is a miscarriage of justice.

*Commonwealth v. Lawson,* 519 Pa. 504, 514, 549 A.2d 107, 112 (1988) (Papadakos, J., concurring).

rationale applicable to the facts in the case at bar. Several reasons support this finding. First, the sweeping language used by the Court could pertain to petitions filed under the former as well as the new act.[3] Moreover, under the new act, in order to be eligible for relief, a petitioner who claims that counsel was ineffective must plead and prove that counsel's stewardship "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place."[4] 42 Pa.C.S.A. § 9543(a)(2)(ii). Finally, the Court in a comment to the newly enacted Pa.R.Crim.P., Rule 1507, 42 Pa.C.S.A., clearly stated that a second or subsequent post-conviction petition should be summarily dismissed where the defendant fails to meet the *Lawson* standard.[5] Clearly then, the mandate of *Lawson* is applicable to petitions filed under the PCRA.

Turning to the facts of the case at bar, we find that the hearing court erred in granting the relief requested by appellant. Appellant's claim regarding Rule 1100 is identical to the claim raised in *Lawson*, and pursuant to that Court's reasoning as well as the statutory authority set forth in 42 Pa.C.S.A. § 9543(a)(2)(ii), we hold that the proper procedure would have been to deny this issue without a hearing. We find the same disposition applicable to appellant's claim regarding suppression of his pre-trial identification. While it is true that, under extreme circumstances, a pre-trial identification procedure can undermine the reliability of the adjudication (*see e.g., Sumner v. Mata,* 455 U.S. 591, 102 S.Ct. 1303, 71 L.Ed.2d 480 (1982)), our review of

3. This is especially true in light of recent concerns involving repetitive post-conviction petitions. *See e.g., Commonwealth v. Hagood,* 516 Pa. 340, 532 A.2d 424 (1987); *Commonwealth v. Alexander,* 495 Pa. 26, 432 A.2d 182 (1981); *Commonwealth v. Watlington,* 491 Pa. 241, 420 A.2d 431 (1980).

4. The *Lawson* Court took specific note of this section and the past practices of our courts concerning the problem of repetitive petitions under the former PCHA.

5. Previous Rule 1507 was rescinded on February 1, 1989, as unnecessary in view of the enactment of the PCRA. The present Rule 1507, which takes effect July 1, 1989, replaces former Rule 1504.

the record reveals that such is not the case in the present situation.[6]  Therefore, this issue should have been summarily denied as well.[7]

Order of the hearing court is vacated and the petition is dismissed.  Jurisdiction relinquished.

6.  In the present case, not only was the victim able to identify appellant some two years after the commission of the instant crimes, but shortly after the attack she was able to describe a rather unique tattoo on appellant's arm.  At trial, she was also able to identify this tattoo after the trial court requested that it be displayed.

7.  Even if we were to conclude that appellant's claims were properly before this Court, we would still be unable to grant appellant his requested relief.  After a thorough review of the record, the briefs of the parties, and the applicable law, it is our determination that the claims raised by appellant are completely lacking in merit.  Therefore, for either reason, appellant's claims must be denied.