577 A.2d 1364

**COMMONWEALTH of Pennsylvania**

**v.**

**James WEINDER, a/k/a James Winder, a/k/a Sidewinder, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 16, 1990.

Filed July 10, 1990.

612

Robert B. Macintyre, Harrisburg, for appellant.

Deborah S. Essis, Asst. Dist. Atty., Harrisburg, for Com., appellee.

Before ROWLEY, POPOVICH and HUDOCK, JJ.

ROWLEY, Judge:

This is an appeal from an order denying appellant James Weinder's petition for relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq.*[1] As a result of incidents involving a ten-year-old female

---

[1] The Post Conviction Hearing Act ("PCHA") was modified in part, repealed in part, and renamed the Post Conviction Relief Act by Act of April 13, 1988, No. 47, §§ 3–4, 1988 Pa.Legis.Srv. 227, 229–232. *Commonwealth v. Blackwell,* 384 Pa.Super. 251, 253 n. 1, 558 A.2d 107, 108 n. 1 (1989). The PCRA was made immediately effective.

neighbor, appellant was convicted by a jury of two counts of rape and sentenced to two consecutive terms of imprisonment of five to ten years. A direct appeal was taken to this Court, which affirmed the judgment of sentence in an unpublished memorandum dated July 29, 1983. Appellant's petition for allowance of appeal was denied by the Pennsylvania Supreme Court on November 14, 1983. On January 4, 1989, appellant, who had been represented by trial and appellate counsel from the Dauphin County Public Defenders Office, filed a *pro se* PCRA petition, his first request for collateral relief.[2] Present counsel, not a member of the Public Defenders Office, was appointed to represent appel-

**2.** Although the Commonwealth has not argued that appellant has waived his claims of ineffective assistance of counsel, the certified record reveals an aspect of appellant's representation that requires clarification. Assistant public defender Roy Keefer represented appellant during trial and through the filing, on June 29, 1981, of post-trial motions. At some point thereafter, Keefer ceased to represent appellant. The exact date on which Keefer withdrew from the case cannot be ascertained from the certified record, which does not include a request by Keefer to withdraw, an order allowing him to do so, or a docket entry indicating when he did so.

On December 8, 1981, attorney John E. Good, Jr., petitioned the court to be allowed to withdraw as appellant's counsel. He asserted in his petition that appellant had contacted him on or about August 13, 1981, that he had obtained records from the Public Defenders Office in order to review the trial improprieties alleged by appellant, and that appellant had paid him nothing despite the fact that he had requested a retainer fee at the initial interview. In an order entered the same day, Good's petition was granted and appellant was reassigned to the Public Defenders Office. He was represented through sentencing and direct appeal by a member of that office.

There is no indication in the certified record that Good took any action on appellant's behalf. Moreover, Pa.R.Crim.P. 302(a) stipulates that "[c]ounsel shall not be permitted to represent a defendant following a preliminary hearing unless an appearance is entered." The absence of a formal entry of appearance by Good therefore indicates that, insofar as can be determined from the record, Good never actually represented appellant. Accordingly, we consider the present proceeding to be the first in which appellant has been represented by counsel who was not a member of the Public Defenders Office. In light of the general rule that a public defender may not argue the ineffectiveness of another member of the same office who represented the client at an earlier stage in the proceedings, *Commonwealth v. Fetzner*, 372 Pa.Super. 469, 473, 539 A.2d 890, 892 (1988), *alloc. denied*, 520 Pa. 602, 553 A.2d 965 (1988), the present proceeding is appellant's earliest opportunity to challenge the effectiveness of prior counsel. Accordingly, appellant has not waived his ineffectiveness claims.

lant and to file a supplemental petition on his behalf; appellant's petition, as supplemented, was denied without a hearing in an order entered August 4, 1989; and this timely appeal of the order followed.

Appellant alleges three instances of trial counsel's ineffective assistance, all of which, he asserts, were compounded by appellate counsel's failure to challenge trial counsel's effectiveness on direct appeal. We conclude that one of the three claims would, without more, entitle appellant to relief in the form of a new trial. However, because we cannot determine from the record whether the Commonwealth has been prejudiced in its ability to re-try appellant, we remand the case to the trial court for a hearing on that issue.

The facts of the case, as revealed by the testimony at trial, are as follows: The victim testified that the first incident of rape occurred on the morning of December 31, 1980, when she went next door after breakfast to visit her friend Sherry, who lived in the same building as appellant. The victim testified that the rape occurred after she had spent an unspecified amount of time playing with Sherry. Appellant testified that on that day, he and a friend, Tommy Woodward, left the house early, well before lunch, spent the day drinking in various bars, and did not return home until just before midnight on New Year's Eve. His testimony was corroborated by Woodward, who testified that the two left the house sometime between 9:00 or 9:30 and 10:30 in the morning and returned home around midnight. Woodward asserted that appellant was not out of his presence for more than twenty minutes at a time and could not have gone home and returned to Woodward's presence in that amount of time.

The victim testified that the second incident occurred on the morning of January 7, 1981, after she had gone next door and helped Sherry and an older woman prepare breakfast. Appellant testified that on January 7, 1981, he left the house a few minutes before 8:00 a.m., went to District Justice Hardy's office to deal with two citations unrelated to the present case, and returned home around 10:00 a.m.

■ The evidence offered by the Commonwealth against appellant was considerable. The ten-year-old victim knew appellant as a next-door neighbor whose nickname was "Sidewinder," and her identification of him as her assailant was definite and unwavering. She offered a detailed re-counting of the assaults, and the physician who examined her on January 10, 1981 indicated that her physical condition was consistent with having experienced sexual inter-course in the recent past. Although appellant insisted that he had never had sexual relations with the victim, he offered no explanation for her allegedly false accusation of him other than the vague suggestion that he had promised to give her a necklace but had not done so. In addition, appellant conceded that, as the arresting officer had testi-fied, he had hidden in a closet in an attempt to avoid arrest. Concealment, as the trial court instructed the jury, may be some evidence of consciousness of guilt. *See Common-wealth v. Coyle*, 415 Pa. 379, 393, 203 A.2d 782, 789 (1964).

■ In the first of his ineffectiveness claims, appellant contends that trial counsel failed to pursue exculpatory medical evidence which would have shown that he was not suffering from gonorrhea at the time the victim was as-saulted. In the opinion of the physician who examined the victim several days after the second assault, the victim was suffering from a gonorrheal infection despite the fact that her test results were negative. The physician explained that "false negative" test results were not uncommon. He also testified that gonorrhea can be "self-curing" and that a male individual who was tested for gonorrhea five months after an infectious sexual contact would be unlikely to test positive. Appellant was tested for gonorrhea approximate-ly six months after the incidents in question, and the results were negative. Appellant's contention is that those results were meaningless in light of the physician's explanation of the self-curing nature of the disease and that trial counsel was ineffective for failing to pursue evidence showing that appellant had not been infected at the time the incidents occurred.

Appellant's argument is persuasive in theory but deficient in fact. Although he asserts in the argument section of his brief that records from the Dauphin County Prison, where he was incarcerated on or about January 11, 1981, would have shown *whether* he was tested or treated for venereal disease at that time, he asserts in his statement of the case that he was not tested for venereal disease until six months after the victim was assaulted. He also avers that "[o]ther competent medical evidence, i.e. testimony of family physicians or clinic records would have been available to support the defense" (Brief for Appellant at 7). Nowhere in his brief does appellant identify an existing medical record which indicates that he did not have gonorrhea at the time of the assaults, and in fact he refers at one point to trial counsel's failure to pursue *"possible* exculpatory evidence" (Brief for Appellant at 7; emphasis added). By failing to support his claim with anything more than mere allegations, appellant asks us to consider his claim of ineffectiveness in the abstract. We decline to do so. *Commonwealth v. Nelson,* 514 Pa. 262, 275–76, 523 A.2d 728, 735 (1987), *cert. denied,* 484 U.S. 928, 108 S.Ct. 293, 98 L.Ed.2d 253 (1987).

■ In his second claim, appellant contends that trial counsel was ineffective for failing to seek a continuance or a mistrial in order to pursue other avenues of defense, including additional alibi witnesses, after the victim and her mother gave testimony at trial which varied from their preliminary hearing testimony with respect to when the incidents occurred. At the preliminary hearing, the victim testified that the first offense occurred on January 1, 1981, at approximately 7:00 p.m. and that the second offense occurred on the evening of January 7, 1981.[3] At trial, the victim testified that the first offense occurred on the morning of December 31, 1980, and that the second offense occurred on the morning of January 7, 1981. The testimony of the victim's mother concerning what her daughter told her about the incidents was similarly inconsistent. Appel-

---

**3.** At trial defense counsel quoted from a transcript of the preliminary hearing. The transcript is not included in the certified record.

lant asserts that trial counsel's cross-examination of the victim and her mother concerning these inconsistencies was insufficient to remedy the damage done to his defense and that trial counsel was ineffective for failing to request a mistrial or a continuance in order to investigate "other available avenues of defense" and "possible alibi witnesses" (Brief for Appellant at 9).

■ As noted earlier, we will not consider ineffectiveness claims in the abstract. Appellant's assertion that alternative avenues of defense and additional alibi witnesses may have been available asks us to do just that. He does not specify what avenues of defense trial counsel might have pursued if granted a continuance. The only possible alibi witness specified by appellant is "the person with whom he spoke" (Brief for Appellant at 9) in the district justice's office on the morning of January 7. Appellant theorizes that given the small size of the district justice's staff, trial counsel could easily have located this person despite appellant's inability to remember her name or her physical appearance. At trial appellant referred to the person as the district justice's secretary but testified that he "wouldn't even remember her face today if she was here in the courtroom" (N.T. at 146). It is likely, then, that the secretary would have been equally unable to recognize appellant. To bear his burden of showing that counsel was ineffective for failing to investigate possible witnesses, appellant must show, *inter alia,* the material evidence the witness would have provided and the manner in which the witness would have been helpful to his cause. *Commonwealth v. Early,* 377 Pa.Super. 219, 223, 546 A.2d 1236, 1238 (1988), *alloc. denied,* 521 Pa. 629, 558 A.2d 531 (1989). Appellant has not met this standard. In addition, as noted earlier, appellant was able to offer an alibi witness for the first of the two incidents. We conclude, therefore, that appellant's second claim of ineffectiveness lacks arguable merit.

■ Appellant's third claim is that trial counsel was ineffective for failing to request a specific jury instruction concerning the significance of appellant's alibi defense. Ap-

pellant had filed a notice of alibi defense prior to trial. At trial, as noted earlier, he offered an alibi for each incident, one of which was corroborated by another witness, in an attempt to show that he could not have committed the offenses charged. Regarding appellant's alibi defense, the trial court instructed the jury as follows:

> You have the direct testimony of the victim and you have the defendant's denial. He says he was out on those occasions drinking at various bars and he had, at least on one time, the fellow who allegedly was drinking with him testified that, indeed, he was with him. Of course, the credibility of that witness, as of all witnesses, is for you.

(N.T. at 161.) This instruction was inadequate, appellant contends, because it failed to instruct the jury that when an alibi defense has been presented, the jury should acquit the defendant if the alibi evidence raises a reasonable doubt as to the defendant's presence at the time and place the offense was committed. Appellant contends that trial counsel was ineffective for failing to request an accurate instruction and that appellate counsel was ineffective for failing to pursue the issue of trial counsel's ineffectiveness on appeal.

Appellant's underlying claim finds support in case law. "Alibi is a defense that places the defendant at the relevant time in a different place than the scene involved and so removed therefrom as to render it impossible for him to be the guilty party." *Commonwealth v. Pounds*, 490 Pa. 621, 631, 417 A.2d 597, 602 (1980) [quoting *Commonwealth v. Whiting*, 409 Pa. 492, 498, 187 A.2d 563, 566 (1963)]. Where evidence of alibi, as just defined, has been introduced, the defendant is entitled to an alibi instruction. *Id.* The testimony of the defendant, even without corroboration, may be sufficient to raise an alibi defense. *Id.* In the present case the victim was unable to specify precisely when each of the incidents occurred. Given her inability to be more specific, we are constrained to find that appellant's alibi evidence placed him away from the scene of the crimes

"at the relevant times." He was therefore entitled to an alibi instruction.

In *Commonwealth v. Pounds, supra,* a case in which the defendant challenged the absence of any alibi instruction in his direct appeal from the judgment of sentence, our Supreme Court held that when a defendant introduces alibi evidence, he is entitled to have the jury instructed that it should acquit the defendant "if [his] alibi evidence, even if not wholly believed, raised a reasonable doubt of his presence at the scene of the crime at the time of its commission and, thus, of his guilt." *Id.,* 490 Pa. at 633, 417 A.2d at 603 (footnote omitted). Such an instruction is necessary, the Court explained, owing to the danger that the defendant's failure to prove the alibi defense will be taken by the jury as a sign of his guilt. *Id.,* 490 Pa. at 633–34, 417 A.2d at 603. In cases in which no alibi instruction has been given, this Court has explained the requirement of an alibi instruction using the "even if not wholly believed" language of *Pounds. Commonwealth v. Brunner,* 341 Pa.Super. 64, 69–70, 491 A.2d 150, 152–53 (1985) (ineffectiveness claim); *Commonwealth v. Nauman,* 345 Pa.Super. 457, 463, 498 A.2d 913, 916 (1985) (same).

In other cases, our courts have been asked to decide whether a jury instruction which does not include the "even if not wholly believed" language of *Pounds* is adequate. In *Commonwealth v. Johnson,* 336 Pa.Super. 1, 485 A.2d 397 (1984), an alibi instruction had been given which omitted the "even if not wholly believed" language but which made clear that the defendant's alibi evidence, alone or with other evidence, might be sufficient to raise a reasonable doubt of his guilt in the minds of the jurors and that if such a reasonable doubt were raised, the defendant must be found not guilty. In response to appellant's assertion that the instruction had been inadequate under *Pounds* and that trial counsel had been ineffective in failing to object to it, this Court explained that *Pounds* did not create standard language for an alibi instruction. Rather, the *Pounds* safeguards were preserved if the jury instruction made it

clear that appellant's failure to prove his alibi defense was not tantamount to guilt. While noting that an explicit instruction to that effect would have been the better practice, the Court nevertheless held that as to the alibi instruction at issue, "the references to an alibi raising a reasonable doubt and to the mandatory not guilty verdict should reasonable doubt exist, both within the context of an alibi instruction, adequately cautioned the jury that appellant's failure to prove his alibi was insufficient alone to prove guilt." *Id.,* 336 Pa.Superior Ct. at 19, 485 A.2d at 406.

In *Commonwealth v. Bright,* 361 Pa.Super. 261, 522 A.2d 573 (1987), *alloc. denied,* 517 Pa. 597, 535 A.2d 1056 (1987), the trial court had instructed the jury that the defendant had no burden of proving his alibi but that his alibi evidence, standing alone or with other evidence, might create a reasonable doubt as to guilt. Appellant asserted on appeal that trial counsel had been ineffective for failing to object to the allegedly erroneous instruction. The instruction was sufficient, this Court held, because it not only contained every safeguard provided in *Johnson* but also informed the jury that the defendant had no burden of proving his alibi. The latter concern, the Court explained, had been the precipitating factor behind the "even if not wholly believed" language of *Pounds. Id.,* 361 Pa.Superior Ct. at 267, 522 A.2d at 576.

In *Commonwealth v. Quarles,* 361 Pa.Super. 272, 522 A.2d 579 (1987), *alloc. denied,* 517 Pa. 592, 535 A.2d 82 (1987), the instruction at issue had informed the jury that the alibi evidence presented by the defense, either by itself or with other evidence, might be sufficient to raise a reasonable doubt of appellant's guilt. On appeal, appellant argued, within the context of an ineffectiveness claim, that the charge was defective because it did not specifically inform the jury that the alibi testimony offered by the defense did not have to be totally accepted in order to acquit appellant. This Court, noting the similarity of the charge to the proposed Pennsylvania Standard Jury Instruction, Section 3.11 (1985), on alibi, found appellant's argument to be without merit. *Id.,* 361 Pa.Superior Ct. at 280, 522 A.2d at 583.

The Supreme Court revisited the alibi instruction issue in *Commonwealth v. Willis,* 520 Pa. 289, 553 A.2d 959 (1989). In that case the trial court, despite defense counsel's request for an alibi instruction in conformity with the proposed Pennsylvania Standard Jury Instruction, Section 3.11, made only fleeting references to the existence of an alibi defense. On appeal, the Supreme Court did not address the adequacy of the standard jury instruction. Instead, the Court reiterated the *Pounds* holding that the trial court had erred in failing to charge the jury "that it should acquit if the Appellant's alibi evidence, even if not wholly believed, raised a reasonable doubt of his presence at the scene of the crime when it was committed...." *Id.,* 520 Pa. at 294, 553 A.2d at 962.

In *Commonwealth v. Roxberry,* 381 Pa.Super. 314, 553 A.2d 986 (1988), *alloc. granted,* 523 Pa. 649, 567 A.2d 652 (1989), the trial court, after referring to appellant's alibi testimony, told the jury that "[y]our task is to consider all the evidence and to make a determination." *Id.,* 381 Pa.Superior Ct. at 319, 553 A.2d at 989. In a PCHA petition, appellant alleged that trial counsel had rendered ineffective assistance by, among other things, failing to request a specific alibi instruction; the trial court dismissed the petition after a hearing. Judge Wieand, with whom Judge Melinson concurred, agreed with appellant and granted a new trial; Judge Popovich dissented.

In *Commonwealth v. Payne,* 385 Pa.Super. 9, 559 A.2d 951 (1989), the trial court's jury charge, which had incorporated the proposed Standard Jury Instruction, Section 3.11, had informed the jury that the defendant's evidence, alone or with other evidence, might be sufficient to raise a reasonable doubt as to his guilt and that if the jury had such a reasonable doubt, they must acquit the defendant. On appeal from an order denying his request for relief pursuant to the PCHA, appellant argued that the language of the proposed Standard Jury Instruction was inadequate because it did not include the "even if not wholly believed" language of *Pounds* and that prior counsel had been ineffective for

failing to raise the issue on appeal. This Court concluded that, to the contrary, the instruction had been adequate. Acknowledging the Supreme Court's recent opinion in *Willis*, we observed that "[o]nly ... when the proposed Standard Jury Instruction or its equivalent was *not* given, has the Supreme Court utilized the ["even if not wholly believed"] language advocated by appellant...." *Id.*, 385 Pa.Superior Ct. at 13, 559 A.2d at 953. In addition, this Court noted, the Supreme Court had never specifically disapproved the proposed Standard Jury Instruction on alibi or this Court's decisions in *Johnson* and *Bright*.

In *Commonwealth v. Jones*, 386 Pa.Super. 467, 563 A.2d 161 (1989), this Court *en banc* considered appellant's claim, raised on direct appeal from the judgment of sentence, that prior counsel had been ineffective for failing to object to an instruction informing the jury that they should consider the defendant's alibi testimony, in conjunction with the other evidence offered, to determine whether the Commonwealth had met its burden of proving beyond a reasonable doubt that the crime had been committed by the defendant, that the alibi evidence, by itself, might work for acquittal, and that the alibi evidence, together with other evidence, might be sufficient to raise a reasonable doubt as to the defendant's guilt. Judge Melinson wrote for this Court as follows:

> Clearly, a trial court alibi charge will not *per se* be deemed erroneous for failing to parrot the language of the *Pounds* Court. Rather, what is required of the trial court is that it make clear to the jury that the defendant's failure to prove alibi is not tantamount to guilt.... Accordinly, after evaluating the trial court's charge as a whole, we find that the trial court's alibi charge was proper here. Because counsel will not be deemed ineffective for failing to pursue a meritless claim, we find that trial counsel and post-verdict motions counsel were not ineffective for failing to object to the trial court's charge.

*Id.*, 386 Pa.Superior Ct. at 472, 563 A.2d at 163 (citations omitted).

Most recently, this Court was asked to consider, within the context of a PCHA petition alleging ineffectiveness, the

adequacy of an instruction informing the jury that the defendant's alibi evidence, "if you believe it," might be sufficient, by itself or with other evidence, to raise a reasonable doubt of defendant's guilt, and that if the evidence raised such a reasonable doubt the defendant must be found not guilty. *Commonwealth v. Lott,* 392 Pa.Super. 371, 372, 572 A.2d 1279, 1279 (1990). This Court rejected appellant's claim that the charge was improper because it did not "incant" the "even if not wholly believed" language of *Pounds* and *Willis. Id.,* 392 Pa.Superior Ct. at 372, 572 A.2d at 1279. Finding no error in the charge, the Court observed that "*Willis* only holds that an alibi instruction must be given to assure the jury that the failure to prove the defense is not an inference of guilt." *Id.,* 392 Pa.Superior Ct. at 374, 572 A.2d at 1280.

In the present case, the portion of the jury charge quoted earlier was the trial court's only instruction concerning the significance of appellant's alibi evidence. We do not find in the instruction any language which would have served to inform the jury, even indirectly, that appellant's failure to prove his alibi defense was not tantamount to guilt.[4] A general charge on assessing the credibility of witnesses, which is all that was given in this case, does not suffice as an alibi instruction. *Commonwealth v. Pounds, supra; Commonwealth v. Brunner, supra.* The significance of the trial court's omission in the context of an ineffectiveness claim was addressed by Judge Wieand for this Court in *Commonwealth v. Brunner, supra:*

The witness had testified; the alibi evidence was before the jury; and appellant was entitled to a specific instruction from the court regarding its significance. When the trial court failed to deliver the required instruction, counsel had a duty to request it to do so and, if the request was denied, to preserve the court's error by an appropriate objection. To fail in this respect was so unreasonable

4. Moreover, the court's assertion that appellant "says he was out on those occasions drinking at various bars ... " erroneously suggested to the jury that appellant had offered the same alibi for both incidents. In fact, as we have seen, appellant's alibi for the second incident was that he had gone to a district justice's office.

that it must be equated with constitutionally ineffective assistance.

*Id.* 341 Pa.Super. at 70, 491 A.2d at 153. *Accord Commonwealth v. Nauman*, 345 Pa.Super. at 463–64, 498 A.2d at 916. Because trial counsel failed to request an appropriate alibi instruction, we are constrained to conclude that the assistance rendered appellant by prior counsel was ineffective.

This conclusion does not end our inquiry, however. To be eligible for relief under the PCRA, a petitioner in appellant's situation must plead and prove the following by a preponderance of the evidence: 1) that he has been convicted of a crime under the laws of the Commonwealth and is currently serving a sentence of imprisonment, probation, or parole for the crime [§ 9543(a)(1)(i)]; 2) that the conviction resulted from "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place" [§ 9543(a)(2)(ii)]; 3) that the allegation has not been previously litigated and has not been waived [§ 9543(a)(3)(i)]; and 4) "[t]hat the failure to litigate the issue prior to or during trial or on direct appeal could not have been the result of any rational strategic or tactical decision by counsel" [§ 9543(a)(4)].

In the present case, the first, third, and fourth of the requirements have obviously been met: appellant has been convicted and is serving a sentence of imprisonment; his claim of ineffectiveness has not been previously litigated and, as noted in footnote 2, has not been waived[5]; and there can be no reasonable basis for failing to request an alibi instruction where, as here, notice of an alibi defense was given and alibi evidence was introduced, *Commonwealth v. Nauman*, 345 Pa.Super. at 464, 498 A.2d at 916.

5. Within the context of the PCRA, "an issue is waived if the petitioner failed to raise it and if it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or other proceeding actually conducted or in a prior proceeding actually initiated under this subchapter." 42 Pa.C.S. § 9544(b).

Whether the second of these requirements has been satisfied is more difficult to determine. The relevant statutory provision stipulates that it is not enough for appellant to plead and prove *some* ineffective assistance of counsel, but rather that he must plead and prove ineffectiveness "which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." This statutory qualification has, thus far, received little interpretation in case law. In *Commonwealth v. Whaley*, 380 Pa.Super. 25, 550 A.2d 1345 (1988), this Court suggested in dictum and without discussion that trial counsel's actions in connection with the Commonwealth's failure to produce certain evidence at trial did not "so undermine the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *Id.*, 380 Pa.Superior Ct. at 27 n. 1, 550 A.2d at 1346 n. 1.

In *Commonwealth v. Blackwell*, 384 Pa.Super. 251, 558 A.2d 107 (1989), and *Commonwealth v. Dukeman*, 388 Pa.Super. 469, 565 A.2d 1204 (1989), this Court denied petitions for relief based on claims of ineffective assistance of counsel in connection with alleged violations of Pa.R. Crim.P. 1100, noting in the latter case that "[c]ounsel's ineffectiveness for failure to file a motion to dismiss due to a violation of Rule 1100 has absolutely no effect on the 'truth-determining' process." *Id.*, 388 Pa.Superior Ct. at 472, 565 A.2d at 1206. In *Blackwell* the Court also held that while a pre-trial identification procedure could undermine the reliability of an adjudication under extreme circumstances, the procedure at issue in the case had not done so. *Id.* 384 Pa.Super. at 255–56, 558 A.2d at 109.

In *Commonwealth v. Perdue*, 387 Pa.Super. 473, 564 A.2d 489 (1989), appellant claimed that trial counsel had been ineffective for failing to object to the Commonwealth's cross-examination of appellant regarding three aspects of appellant's testimony. This Court found that because two of the Commonwealth's areas of questioning were proper and the third caused no prejudice to appellant, trial coun-

sel's failure to object to the Commonwealth's questioning did not undermine the reliability of the jury's verdict. *Id.*, 387 Pa.Superior Ct. at 492, 564 A.2d at 498.

In *Commonwealth v. Lyons*, 390 Pa.Super. 464, 568 A.2d 1266 (1989), this Court considered appellant's claims, raised in the context of prior counsel's alleged ineffectiveness, that he had been improperly denied a preliminary hearing and that his conviction on a conspiracy charge was contrary to the weight of the evidence. This Court found no arguable merit in the latter claim and, with respect to the former claim, observed that appellant had failed to show not only that he had been prejudiced by counsel's alleged ineffectiveness but also that the absence of a preliminary hearing had in any way undermined the truth-determining process. *Id.*, 390 Pa.Superior Ct. at 469, 568 A.2d at 1268–69.

In *Commonwealth v. Perlman*, 392 Pa.Super. 1, 572 A.2d 2 (1990), appellant challenged the sufficiency of the evidence supporting his conviction, asserting that prior trial and appellate counsel had been ineffective for failing to preserve the issue for appellate review. This Court, finding the issue cognizable under the PCRA, observed that "the claim involves the sufficiency of the evidence, which necessarily implicates the 'truth-determining process'...." *Id.* at 5, 572 A.2d at 4. The Court then explained that in order to prevail on his ineffectiveness claim, appellant would have to show that his underlying contention possessed arguable merit, that the course chosen by counsel had no reasonable basis designed to further appellant's interest, and that counsel's conduct prejudiced appellant. *Id.* at 5–6, 572 A.2d at 4–5. After reviewing the facts of appellant's case, the Court concluded that the evidence was sufficient to support appellant's conviction and, therefore, that prior counsel could not be deemed ineffective for failing to preserve appellant's claim to the contrary. *Id.* at 8, 572 A.2d at 6.

In addition to the case law just cited, we are mindful of this Court's observation that the purpose of the PCRA is to prevent a fundamentally unfair conviction.

*Commonwealth v. Velasquez,* 387 Pa.Super. 238, 245, 563 A.2d 1273, 1276 (1989). Therefore, we interpret the language of § 9543(a)(2)(ii) as meaning that it is not enough for appellant to show that he suffered some prejudice as a result of counsel's action or inaction, but rather that counsel's action or inaction so affected the trial itself ("the truth-determining process") that the result of the trial is inherently unreliable. As noted earlier, a correct alibi instruction is necessary because in its absence the jury might assume that a defendant's failure to prove his alibi defense is an indication of his guilt. Such an inference, if it arose, would contravene "the presumption of innocence and the Commonwealth's burden of proving the offense beyond a reasonable doubt." *Commonwealth v. Pounds,* 490 Pa. at 634 n. 17, 417 A.2d at 603 n. 17. With this language, the Supreme Court has made it very clear that a correct alibi instruction is an essential part of the truth-determining process. Because the purpose of the alibi instruction is, in essence, to ensure that the jury properly allocates the burden of proof, a verdict reached in the absence of such an instruction is inherently tainted by the jury's possibly erroneous analysis of the evidence.

Moreover, the Supreme Court has also made clear that the strength of the Commonwealth's evidence against a defendant cannot bring about a different result. In *Pounds* the Court made the following observation:

> Although there is substantial evidence of guilt on the record, we are unable to conclude the failure to instruct on alibi could not have contributed to the jury's verdict. The jury was not told it did not have to wholly credit [defendant's] alibi testimony in order for the testimony to create a reasonable doubt of his guilt. Hence, the jury may have convicted merely because it did not believe his alibi testimony. In the absence of an instruction that they did not have to wholly believe [defendant] to acquit, the jury may have inferred guilt from his failure to clearly establish his alibi.

*Id.,* 490 Pa. at 634, 417 A.2d at 603. It is no less likely in the present case that the jury "may have convicted [appellant] merely because it did not believe his alibi testimony." We are persuaded, therefore, that, given the absence of a proper alibi instruction, no reliable adjudication of appellant's guilt or innocence could have taken place, and that appellant has met the requirements of 42 Pa.C.S. § 9543(a) for relief on his claim of ineffective assistance of counsel.

However, our conclusion that appellant has met the requirements for relief pursuant to § 9543(a) does not end our analysis, as appellant must also overcome the hurdle of § 9543(b):

> (b) **Exception.**—Even if the petitioner meets the requirements of subsection (a), the petition shall be dismissed if it appears that, because of delay in filing the petition, the Commonwealth has been prejudiced either in its ability to respond to the petition or in its ability to re-try the petitioner. This subsection does not apply if the petitioner shows that the petition is based on grounds of which the petitioner could not have had knowledge by the exercise of reasonable diligence before the delay became prejudicial to the Commonwealth.

42 Pa.C.S. § 9543(b). As noted earlier, appellant's petition for allowance of appeal was denied by the Supreme Court on November 14, 1983. Appellant waited until January 4, 1989, a delay of more than five years, to file his first petition for post-conviction relief. None of the issues raised in the *pro se* and counseled petitions involved "grounds of which the petitioner could not have had knowledge" at the conclusion of his direct appeal. Accordingly, appellant is not entitled to a new trial if, because of his delay in requesting post-conviction relief, the Commonwealth has been prejudiced in its ability to re-try him.

On the facts of this case, in which appellant delayed more than five years in seeking PCRA relief, nine years have elapsed since the incidents occurred, the testimony of alibi witnesses is central to the defense, and the offenses charged involve the sexual assault of a child who was then

ten and is now nineteen, we cannot determine, without more, whether the Commonwealth has been prejudiced. Therefore, we vacate the order of August 4, 1989, and remand the case to the trial court for a hearing to determine whether the Commonwealth has been prejudiced in its ability to re-try appellant. If such prejudice is found, the trial court shall reinstate its order denying appellant's PCRA petition; if such prejudice is not found, appellant's judgment of sentence shall be vacated and a new trial shall be ordered. In either case, the trial court's order shall be final and appealable. 42 Pa.C.S. § 9546(c).

Order vacated. Case remanded to the trial court for further proceedings consistent with this Opinion. Jurisdiction relinquished.