575 A.2d 949

**COMMONWEALTH of Pennsylvania**

v.

**Bernard D. RYAN, Jr. Appellant.**

Superior Court of Pennsylvania.

Submitted April 23, 1990.

Filed June 5, 1990.

---

Kim W. Riester, Pittsburgh, for appellant.

Maureen A. Flynn, Asst. Dist. Atty., Warren, for Com.

Before KELLY, HUDOCK and HESTER, JJ.

HESTER, Judge:

This is an appeal from the May 16, 1989 order denying appellant, Bernard D. Ryan, Jr., relief under the Post–Conviction Relief Act. We affirm.

On June 21, 1982, appellant pled guilty to rape and involuntary deviate sexual intercourse in exchange for a nol pros of charges of burglary. On July 9, 1982, he was sentenced to fifteen to thirty years imprisonment. Appellant filed a timely motion to modify sentence, which was denied on the basis of his significant history of violent

crimes, including a prior rape. He did not, however, file a motion to withdraw his guilty plea or a direct appeal.

On November 15, 1982, appellant filed a petition for relief under the Post–Conviction Hearing Act (repealed), alleging that he received ineffective assistance of counsel and that his plea was induced unlawfully in that counsel had informed him that his sentences would be served concurrently. In 1983, he filed a petition for habeas corpus relief with this court. The habeas corpus petition was remanded and denied, together with the PCHA petition, by the trial court on October 18, 1984. Appellant appealed, and we affirmed, concluding that the five issues raised by appellant were without merit since the record established that his plea was not induced unlawfully either by promises from or ineffective assistance of his guilty plea counsel. *Commonwealth v. Ryan*, 354 Pa.Super. 630, 508 A.2d 343 (1986).

On February 22, 1989, with privately-retained counsel, appellant filed his second petition for post-conviction relief. This appeal followed denial of that petition without a hearing. Appellant's allegations on appeal all relate to alleged deficiencies in the plea colloquy.

■ Initially, we note that since this is appellant's second petition for post-conviction relief, it "will not be entertained unless a strong *prima facie* showing is offered to demonstrate that a miscarriage of justice may have occurred." *Commonwealth v. Lawson*, 519 Pa. 504, 513, 549 A.2d 107, 112 (1988); *see also Commonwealth v. Blackwell*, 384 Pa.Super. 251, 558 A.2d 107 (1989) (applying *Lawson* standard of review to second or subsequent petitions filed under the PCRA). This standard is met if the petitioner can demonstrate either that the proceedings resulting in his conviction were so unfair that a miscarriage of justice which no civilized society can tolerate occurred or that he is innocent of the criminal charges.

■ With this standard in mind, we examine appellant's allegations. He contends that the guilty plea colloquy demonstrates that: 1) there was no factual basis for the

plea; 2) there were no on-the-record admissions of guilt to rape or involuntary deviate sexual intercourse; 3) he received no explanation of his right to petition to withdraw his guilty plea; 4) the definition of reasonable doubt was not explained to him; and 5) he was not informed of his privilege not to testify at trial and that the right not to testify could not be used as an inference of guilt.

Appellant *alleges* that he never actually admitted to committing the crimes. Since this is a critical element to a valid guilty plea in the absence of other evidence of guilt, *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), and because a knowing waiver of important constitutional rights also is a critical component of a valid guilty plea, *Henderson v. Morgan*, 426 U.S. 637, 645 n. 13, 96 S.Ct. 2253, 2257 n. 13, 49 L.Ed.2d 108, 114 n. 13 (1976), we conclude that appellant presents allegations that if true, would establish that a miscarriage of justice may have occurred or that he may be innocent of the charges. Accordingly, we will entertain the petition.

Appellant's eligibility for relief is governed by the provisions of the Post–Conviction Relief Act. 42 Pa.C.S. § 9543 controls appellant's eligibility for relief under the PCRA and lists four factors that must be met before such relief may be granted. The third factor requires:

(3) That the allegation of error has not been previously litigated and one of the following applies:

(i) The allegation of error has not been waived.

(ii) If the allegation of error has been waived, the alleged error has resulted in the conviction or affirmance of sentence of an innocent individual.

(iii) If the allegation of error has been waived, the waiver of the allegation of error during pretrial, trial, post-trial or direct appeal proceedings does not constitute a State procedural default barring Federal habeas corpus relief.

42 Pa.C.S. § 9543(a). Section 9544 of the PCRA provides in relevant part that an issue is waived if the petitioner failed to raise it and if it could have been raised in a habeas

corpus proceeding or any other proceeding actually conducted.

In the present case, appellant could have raised all of the issues presented herein in his prior PCHA petition. Accordingly, the issues have been waived under section 9544. The waiver in this instance results from appellant's failure to raise the issues in his prior post-conviction proceedings. Since the waiver was not during pretrial, trial, post-trial or direct appeal proceedings, section 9543(a)(3)(iii) is not applicable. Accordingly, appellant has waived the issues presented herein unless 9543(a)(3)(ii) applies.

 Section 9543(a)(3)(ii) does not apply because appellant is guilty. The plea colloquy reads in relevant part:

BY THE COURT: Were there any promises given to you for your plea on the charge of rape and involuntary deviate sexual intercourse other than the charge that the Commonwealth may not prosecute you on the burglary?

BY MR. RYAN: No promises whatsoever.

BY THE COURT: Now, you were arraigned in Court on April 15, 1982, you were given your constitutional rights at that time and you entered a plea of not guilty. Do you recall your constitutional rights given to you at that time by the Court?

BY MR. RYAN: Yes, I do, Your Honor.

BY THE COURT: Now specifically, Mr. Ryan, you are charged concerning the count of rape that you did on or about February 21, 1982, in Brokenstraw Apartments at Brokenstraw Township of Warren County, engage in sexual intercourse with another person not your spouse, forcible compulsion by fright or forcible compulsion that would prevent resistance of a person of reasonable resolution in that you engaged in sexual intercourse with Patricia Lynn Colisimo, not being your spouse forcible compulsion and or by threatening to kill the victim with a knife.... The count of involuntary deviate intercourse charges that you did on the same date and time and place engage in sexual, deviate sexual intercourse with forcible compulsion or by threat of forcible compulsion that would

prevent resistance by a person of reasonable resolution in that you forced Patricia Lynn Colisimo to perform oral sex upon you by forcible compulsion or by threatening to kill her.... Mr. Ryan, you tell the court in your own words to the best of your recollection what you did on or about February 21, 1982 that brought these charges upon you?

BY MR. RYAN: Well, I was drinking very heavily. I entered the apartment and *I did commit the offenses charged.*

BY THE COURT: You define for the Court what you consider to be the definition of rape.

BY MR. RYAN: Rape is sexual intercourse by penetration of the penis into the vagina.

BY THE COURT: And in that date of February 21, 1982, did you have sexual intercourse with Patricia Lynn Colisimo?

BY MR. RYAN: *Yes,* Your Honor.

BY THE COURT: And did you have any permission from her to have the sexual intercourse?

BY MR. RYAN: *No,* Your Honor.

BY THE COURT: And did you threaten her to have—to kill her with a knife if she did not engage in sexual intercourse with you?

BY MR. RYAN: I made—I may have, Your Honor. I really A—I probably did. I don't remember saying it.

BY THE COURT: And the charge of deviate—involuntary deviate sexual intercourse; you tell the Court what you did that brought that charge upon you?

BY MR. RYAN: I'm not really certain if that actually happened. I assume it did happen. I assume I did do that. There is gaps in my memory. *I remember gagging her.* I remember certain portions all the events of the evening. I don't doubt—

BY THE COURT: You define your definition of involuntary deviate sexual intercourse?

BY MR. RYAN: That would be oral sex performed on me by the—

BY THE COURT: And did you—Did the victim, Patricia Colisimo enter into this activity of deviate sexual intercourse *voluntarily?*

BY MR. RYAN: *No,* Your Honor.

Notes of Testimony, 6/21/82, at 4–8 (emphasis added).

The plea court then discussed various constitutional rights that appellant relinquished by pleading guilty. The notes of testimony at the arraignment demonstrate that appellant's constitutional rights were discussed extensively with him.

Thus, contrary to his allegations on appeal, appellant stated unequivocally during his plea colloquy that he committed the offenses. He stated that he raped the victim and that she did *not* consent. He admitted to gagging her. He equivocated only when asked if he threatened to kill her, stating that he did not remember threatening to kill her, but "probably did" so. This is not a denial of the relevant charges, it is only (arguably) a denial of threatening to kill her. Further, he did not deny forcing the victim to engage in oral sex and stated only that he did not remember that specific event since he only remembered portions of his vicious assault on the victim. He went on to admit, however, that the victim was forced to perform oral sex against her will.

Justice McDermott has stated the following regarding the entry of a guilty plea:

> A guilty plea is an acknowledgment by a defendant that he participated in the commission of certain acts with a criminal intent. He acknowledges the existence of the facts and the intent. The facts that he acknowledges may or may not be within the powers of the Commonwealth to prove. However, the plea of guilt admits that the facts and intent occurred, and is a confession not only of what the Commonwealth might prove, but also as to what the defendant knows to have happened.
>
> . . . .

A guilty plea is not a ceremony of innocence, it is an occasion where one offers a confession of guilt. If a defendant voluntarily, knowingly, and intelligently wishes to acknowledge facts that in themselves constitute an offense, that acknowledgment is independent of the procedures of proving or refuting them. How they would be proved, what burdens accompany their proof, what privileges exists to avoid their proof, what safeguards exists to determine their accuracy, and under what rules they would be determined, by whom and how, are irrelevant. The defendant is before the court to acknowledge facts that he is instructed constitute a crime. He is not there to gauge the likelihood of their proof, nor to weigh them in the light of the available procedures for their proof. He is there to voluntarily say what he knows occurred, whether the Commonwealth would prove them or not, and that he will accept their legal meaning and their legal consequences.

*Commonwealth v. Anthony,* 504 Pa. 551, 558–59, 475 A.2d 1303, 1307–08 (1984).

Since we believe that appellant's statements at the colloquy establish that he actually committed the crimes to which he pled guilty, section 9543(a)(3)(ii) does not apply to overcome his waiver of the issues presented. Appellant is not innocent, and he is not eligible for relief under the PCRA.

Order affirmed.