605 A.2d 418

**COMMONWEALTH of Pennsylvania**

v.

**Clyde Walter DUKEMAN, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 21, 1992.

Filed March 26, 1992.

Clyde W. Dukeman, pro se.

Henry S. Kenderdine, Jr., Dist. Atty., Lancáster, for Com., appellee.

Before ROWLEY, President Judge, and BECK and HESTER, JJ.

HESTER, Judge:

This is an appeal from an order denying appellant's second petition for post-conviction relief. Concurrent with the brief he has filed, counsel appointed to represent appellant has filed a petition to withdraw based upon his determination that the appeal is wholly frivolous. Appellant, Clyde Dukeman, has filed a *pro se* supplemental brief. We grant counsel's petition to withdraw and affirm the order denying PCRA relief.

On July 15, 1987, appellant was arrested by the Pennsylvania State Police and charged with possession of drug paraphernalia, possession of cocaine with intent to deliver, and conspiracy. The charge of conspiracy was dismissed, and the remaining charges were held for court. Following a hearing on January 12, 1988, the trial court denied a motion to suppress, and the matter proceeded to a jury trial. The jury determined that appellant was guilty of the described charges on January 13, 1988. Timely-filed post-verdict motions were denied on July 20, 1988, and a pre-sentence report was ordered. On September 20, 1988, appellant was sentenced to three to ten years imprisonment for delivery of cocaine, a consecutive sentence of one year probation for possession of drug paraphernalia, and ordered to pay a fine and to make restitution. Appellant filed a timely motion to modify sentence which was denied on February 6, 1989. No direct appeal was filed.

On December 19, 1988, appellant filed his first *pro se* petition pursuant to the Post–Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546, alleging the ineffectiveness of trial counsel for failing to file a motion to dismiss charges pursuant to Pa.R.Crim.P. 1100. Following the appointment of counsel, the petition was dismissed without a hearing on

February 23, 1989. On March 23, 1989, appellant filed a notice of appeal to this court. We affirmed on December 20, 1989. *Commonwealth v. Dukeman*, 388 Pa.Super. 469, 565 A.2d 1204 (1989) (allegation of ineffective assistance of counsel for failure to file a motion to dismiss pursuant to Pa.R.Crim.P. 1100 not cognizable under PCRA).

Appellant filed a second *pro se* petition under the PCRA on May 22, 1990. Present counsel was appointed to represent him. On November 26, 1990, the petition was dismissed without a hearing, and this appeal followed. Counsel for appellant presently seeks to withdraw.

 If counsel for a criminal defendant, in the exercise of his professional judgment, determines that issues raised under the PCRA are meritless and the PCRA court concurs, counsel may withdraw on collateral appeal of a conviction. *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988). The PCRA petitioner then may proceed *pro se*, by privately retained counsel, or not at all. *Id.* The *Turner* court approved the following procedure for withdrawal of counsel on collateral appeal: the filing of a "no-merit" letter by counsel detailing the nature and extent of counsel's review and listing each issue appellant wished to raise, with counsel's explanation why the issues are meritless, and an independent review by the court.

 In the present case, counsel substantially complied with the above requirements. He has detailed the nature and extent of his review, and he has listed the issues raised in the PCRA petition. While he has not explained why the issues are meritless individually, he has asserted that based upon his review of the record, the issues have been litigated previously or waived and do not constitute a prima facie showing that a miscarriage of justice may have occurred. *Cf. Commonwealth v. Harris*, 381 Pa.Super. 206, 553 A.2d 428 (1989) (although counsel failed to detail the extent of his review of the record in his petition to withdraw or to list properly the issues the appellant desired to raise, counsel was permitted to withdraw because the defects in the

petition prejudiced only administrative interests). More-
over, counsel notified appellant of the filing of the petition
to withdraw, supplied him with a copy of the petition, and
notified appellant of his right to obtain private counsel, to
proceed *pro se*, and to file a supplemental brief.

On March 11, 1991, appellant filed a *pro se* supplemental
brief in which he addressed the issues delineated in his
PCRA petition and requested new counsel if present coun-
sel is permitted to withdraw. However, it is clear that
*Commonwealth v. Maple*, 385 Pa.Super. 14, 559 A.2d 953
(1989), precludes further appointment of counsel.

Appellant raises the following issues for our review: 1)
*Miranda* rights were violated, 2) entrapment, 3) identifica-
tion, 4) Rule 1100, and 5) sentencing. Applying the Su-
preme Court's pronouncement in *Commonwealth v. Law-
son*, 519 Pa. 504, 549 A.2d 107 (1988), we recently addressed
serial petitions under the PCRA in *Commonwealth v.
Ryan*, 394 Pa.Super. 373, 376, 575 A.2d 949, 950–51 (1990),
stating:

> Initially, we note that since this is appellant's second
> petition for post-conviction relief, it "will not be enter-
> tained unless a strong *prima facie* showing is offered to
> demonstrate that a miscarriage of justice may have oc-
> curred." *Commonwealth v. Lawson*, 519 Pa. 504, 513,
> 549 A.2d 107, 112 (1988); *see also Commonwealth v.
> Blackwell*, 384 Pa.Super. 251, 558 A.2d 107 (1989) (apply-
> ing *Lawson* standard of review to second or subsequent
> petitions filed under the PCRA). This standard is met if
> the petitioner can demonstrate either that the proceedings
> resulting in his conviction were so unfair that a miscar-
> riage of justice which no civilized society can tolerate
> occurred or that he is innocent of the criminal charges.

Concurrent with our analysis pursuant to *Lawson*, we
must address appellant's eligibility for relief under the
provisions of the Post–Conviction Relief Act. 42 Pa.C.S.
§ 9543 controls appellant's eligibility for relief under the
PCRA and lists four factors which must be met before such
relief may be granted. We examine the third factor first:

**(a) General rule.**—To be eligible for relief under this subchapter, a person must plead and prove by a preponderance of the evidence all of the following:

. . . .

3) That the allegation of error has not been previously litigated and one of the following applies:

(i) The allegation of error has not been waived.

(ii) If the allegation of error has been waived, the alleged error has resulted in the conviction or affirmance of sentence of an innocent individual.

(iii) If the allegation of error has been waived, the waiver of the allegation or error during pretrial, trial, post-trial or direct appeal proceedings does not constitute a State procedural default barring Federal habeas corpus relief.

42 Pa.C.S. § 9543(a). Since this is appellant's second PCRA petition, *Commonwealth v. Ryan, supra,* makes it clear that 42 Pa.C.S. § 9543(a)(1)(iii) does not apply. We stated in *Ryan:*

In the present case, appellant could have raised all of the issues presented herein in his prior PCHA petition. Accordingly, the issues have been waived under section 9544. The waiver in this instance results from appellant's failure to raise the issues in his prior post-conviction proceedings. Since the waiver was not during pretrial, trial, post-trial or direct appeal proceedings, section 9543(a)(3)(iii) is not applicable. Accordingly, appellant has waived the issues presented herein unless 9543(a)(3)(ii) applies.

*Id.,* 394 Pa.Super. at 378, 575 A.2d at 951. Thus, we must determine whether 42 Pa.C.S. § 9543(a)(3)(ii) applies to the issues raised.

 Appellant's claims that prior counsel were ineffective [1] for failing to raise issues concerning entrapment and

---

1. While appellant specifically has not phrased his claims in terms of prior counsels' ineffectiveness, we will overlook this error in light of his *pro se* status and due to the fact that on his PCRA petition he checked section II, which asserts the ineffective assistance of counsel.

identification allege, on their face, that appellant was innocent of the crimes charged. Thus, as to these two issues, appellant has overcome the bar of waiver pursuant to 42 Pa.C.S. § 9543(a)(3)(ii). Furthermore, since the allegations relate to innocence, the *Lawson* standard is overcome. However, appellant's claim that his *Miranda* rights were violated is not an issue which relates to his innocence;[2] thus, it is waived. Similarly, as appellant's claim that his sentence was excessive[3] is not an issue that relates to appellant's innocence, it is waived. Finally, appellant's claim relating to Pa.R.Crim.P. 1100, which he raised in his first PCRA petition and which was disposed of by this court in *Commonwealth v. Dukeman, supra,* has been litigated previously. 42 Pa.C.S. § 9544. Thus, we may not address this issue herein.

■ Finally, we determine whether appellant's remaining two claims, entrapment and identification, are cognizable under § 9543(a)(2) of the PCRA, which also limits appellant's eligibility for relief. That section provides that a PCRA petitioner must plead that his conviction resulted from one or more of eight circumstances. Section 9543(a)(2)(ii) provides that a PCRA petitioner may be eligible for relief if the conviction resulted from ineffective assistance of counsel which so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. We previously stated that we will overlook the fact that appellant has not framed his issue as having resulted from the ineffective assistance of counsel. *See* n. 1 *supra.* We believe that appellant's claims concerning entrapment and identification facially raise claims that undermine the truth-determining process

2. We do not determine that an allegation that *Miranda* rights were violated never raises an issue that relates to one's innocence, since a claim that a confession was coerced indeed may raise such an issue. However, that is not the issue raised herein.

3. In addition to having been waived, this issue is not cognizable under the PCRA. *Commonwealth v. Wolfe,* 398 Pa.Super. 94, 580 A.2d 857 (1990) (under PCRA, claim based on the discretionary aspects of sentence is not reviewable); *see also Commonwealth v. Grier,* 410 Pa.Super. 284, 599 A.2d 993 (1991).

and thus are cognizable. *Commonwealth v. Pitts,* 397 Pa.Super. 387, 580 A.2d 352 (1990) (allegation that trial counsel was ineffective for failing to present self-defense and voluntary intoxication defense relates to truth-determining process); *see also Commonwealth v. Thomas,* 396 Pa.Super. 92, 578 A.2d 422 (1990) (allegation that trial counsel was ineffective for failing to preserve objection to patently inadmissible hearsay implicated reliability of truth-determining process in that hearsay is inherently unreliable and hearsay at issue was a key piece of evidence establishing defendant's guilt); *Commonwealth v. Weinder,* 395 Pa.Super. 608, 577 A.2d 1364 (1990) (where alibi evidence was strong and where alibi instructions were incorrect, reliability of truth-determining process was implicated by improper instructions); *Commonwealth v. Perlman,* 392 Pa.Super. 1, 572 A.2d 2 (1990) (issue concerning the sufficiency of the evidence necessarily implicates the truth-determining process). We conclude, however, that both issues lack merit.

▐ Appellant contends that the police officers were contradictory in their identification of appellant and that the testimony actually established that someone other than appellant sold the cocaine. In order to address this claim, we first must summarize the facts of the case. Robert Bruce, an employee of the Schaad Detective Agency, was working undercover with the Pennsylvania State Police in their investigation of narcotics trafficking in Lancaster County. Bruce previously purchased cocaine from Edgar Cabano, a Hispanic man, who resided on West King Street in Lancaster. Bruce and Cabano also had gone to 221 West Vine Street to obtain the cocaine.

On July 14, 1987, Bruce and Pennsylvania State Trooper Alan Lohman drove to Cabano's residence on West King Street. Cabano was not there, and a neighbor informed them that he had moved that day. Therefore, Bruce and Lohman proceeded to 221 West Vine Street. Trooper Lohman parked at the rear of the building in order to watch the residence from his automobile, while Bruce approached the

back door. A woman answered Bruce's knock, and Bruce informed her he was looking for a man with whom he previously had dealt at that address. The woman mentioned the name "Jim," and Bruce pretended to recognize the name. Thereafter, appellant came to the door, and Bruce identified himself as a friend of Cabano. Appellant then agreed to sell Bruce one gram of cocaine for $100.00.

Appellant stated that he had to leave the premises to obtain the cocaine and directed Bruce and Lohman to drive around to the front of the building. They complied, and within ten minutes appellant approached the automobile and handed Bruce a packet later determined to contain cocaine. The men then discussed the possible future purchase of one-eighth ounce, or an eight-ball, of cocaine for approximately $225.00.

The next day Bruce and Lohman returned to 221 West Vine Street with an arrest warrant. They planned to purchase an eight-ball of cocaine. After several conversations, appellant refused to deal directly with Lohman. Appellant then was arrested for the delivery of cocaine on the previous day. A subsequent search revealed that appellant possessed drug paraphernalia.

At trial, Bruce and Lohman positively identified appellant as the man from whom they had purchased cocaine on July 14, 1987, and whom they arrested on July 15, 1987. Similarly, Corporal Ronald Christopher, who observed the transaction from his parked automobile on West Vine Street, also positively identified appellant as the man he had seen talking with Bruce and Lohman.

Appellant asserts that the different descriptions of appellant given by Bruce and Lohman to Corporal Christopher and in their reports following the drug transaction were contradictory.[4] We find this contention to be without merit for the following reasons. After the July 14, 1987 meeting, Bruce described appellant (whose real name he did not

4. In his PCRA petition, appellant asserted that the evidence of the Commonwealth witnesses showed that someone other than appellant sold the cocaine; however, he has abandoned this claim on appeal.

know), as a "white Hispanic." Notes of Testimony ("N.T."), 1/12/88, at 12. Bruce explained this description as, "Light colored, light facial features, body features." *Id.* Trooper Lohman testified that he had advised Corporal Christopher that "the subject did not look Hispanic to me." *Id.* at 35. Corporal Christopher, in the application of the arrest warrant and in the criminal complaint, identified appellant as a "white Hispanic male." *Id.* at 54. The record establishes that appellant is not of Spanish descent.

Appellant, without explanation, cites *Commonwealth v. Bennett*, 224 Pa.Super. 238, 303 A.2d 220 (1973). In that case, we stated that when the testimony of witnesses is so contradictory on essential issues as to make any verdict based on it pure conjecture, the jury should not be permitted to consider it. We do not believe *Bennett* is applicable to this case.

Bruce described appellant to Corporal Christopher as a white Hispanic male, approximately five feet nine inches tall, weighing about 120 pounds, and having short black hair and a moustache. N.T., 1/12/88, at 12, 13, 17–19. Bruce also identified appellant as "Jimmy" based upon what he had been told by the woman who answered his knock at 221 West Vine Street. *Id.* at 8, 19. Bruce testified that he believed appellant was Hispanic "because I had heard on previous occasions Mr. Dukeman speak Spanish to the dogs that were in the back yard and Edgar Cabano is Hispanic and Edgar said yes he does speak Spanish...." *Id.* at 12. Bruce further stated that when he described appellant as a "white Hispanic," he meant "[l]ight colored, light facial features, body features." *Id.*

Trooper Lohman, on the other hand, described appellant to Corporal Christopher as a white non-Hispanic male in his thirties, approximately five feet nine inches tall, weighing 120 pounds, having short dark hair and a moustache, and wearing a blue shirt and white trousers. *Id.* at 35–36, 42.

It is clear that the descriptions given by both witnesses are consistent and were not contradictory. Both witnesses described appellant as having light-colored features with

the same physical characteristics. Bruce merely was operating under the misapprehension that appellant was of Spanish origin. Moreover, the subsequent in-court identifications of appellant were clear and unequivocal. Bruce, Trooper Lohman, and Corporal Christopher stated that appellant was the same man involved in the drug transaction on July 14, 1987, and who was arrested the following day. *Id.* at 16, 21, 36, 50. Therefore, we reject appellant's claim concerning his identification.

 Appellant next asserts that he was entrapped into selling cocaine. The relevant concept is defined at 18 Pa.C.S. § 313:

**(a) General rule.**—A public law enforcement official or a person acting in cooperation with such an official perpetrates an entrapment if for the purpose of obtaining evidence of the commission of an offense, he induces or encourages another person to engage in conduct constituting such offense by either:

(1) making knowingly false representations designed to induce the belief that such conduct is not prohibited; or

(2) employing methods of persuasion or inducement which create a substantial risk that such an offense will be committed by persons other than those who are ready to commit it.

**(b) Burden of proof.**—Except as provided in subsection (c) of this section, a person prosecuted for an offense shall be acquitted if he proves by a preponderance of evidence that his conduct occurred in response to an entrapment.

The statute places the burden of proof on the defendant and applies an objective test with regard to police conduct. *Commonwealth v. Weiskerger*, 520 Pa. 305, 554 A.2d 10 (1989); *Commonwealth v. Clapps*, 355 Pa.Super. 80, 512 A.2d 1219 (1986).

Our law on entrapment originates from Mr. Justice Frankfurter's concurring opinion in *Sherman v. United*

*States,* 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958). We acknowledged in *Commonwealth v. Wright,* 396 Pa.Super. 276, 578 A.2d 513 (1990), that *Sherman* contains the relevant standard which is as follows:

This does not mean that the police may not act so as to detect those engaged in criminal conduct and ready and willing to commit further crimes should the occasion arise. Such indeed is their obligation. It does mean that in holding out inducements they should act in such a manner as is likely to induce to the commission of crime only these persons and not others who would normally avoid crime.... *This test shifts attention from the record and predisposition of the particular defendants to the conduct of the police and the likelihood, objectively considered, that it would entrap only those ready and willing to commit crime.*

*Sherman v. United States, supra,* 356 U.S. at 384–85, 78 S.Ct. at 826, 2 L.Ed.2d at 857 (Frankfurter, J., concurring) (emphasis added).

In support of his claim that he was entrapped, appellant cites the following testimony by Mr. Bruce: "I asked Mr. Dukeman if he would sell it to me without Edgar there. At first he didn't want to and then when I showed him that I did have money, he agreed to sell it to me." N.T., 1/12/88, at 10. We fail to see how this testimony establishes the existence of an entrapment defense. It suggests only that initially appellant wanted to deal directly with Edgar Cabano. Based on this testimony, counsel could not be found ineffective for failing to assert a defense of entrapment.[5]

The petition of counsel to withdraw is granted; order denying relief under the PCRA is affirmed.

---

5. Appellant's other reference to the record similarly is unfounded in suggesting an entrapment defense. He asserts that Corporal Christopher's testimony that he and his fellow officers were hoping to convince appellant to aid in their drug investigation establishes that appellant was entrapped into selling cocaine. This is absurd.