J-S46030-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GREGORY GRAHAM, | |
| Appellant | No. 3527 EDA 2014 |

Appeal from the PCRA Order of October 8, 2014
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0004271-2010

BEFORE:  MUNDY, OLSON and MUSMANNO, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED SEPTEMBER 21, 2015**

Appellant, Gregory Graham, appeals from the order entered on October 8, 2014, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we affirm.

We briefly set forth the facts and procedural history of this case as follows.  On September 21, 2009, Isaiah McLendon was shot and killed on the steps of a house located on North 3rd Street in Darby, PA.  An eyewitness identified Mark Williams as the shooter and Appellant as the getaway driver. Appellant entered an open guilty plea to third-degree murder and conspiracy to commit aggravated assault.[1]  In exchange, Appellant testified against Mark Williams at Williams' trial.  On March 1, 2011, the trial court sentenced

_____

[1]  18 Pa.C.S.A. §§ 2502(c) and 901, respectively.

Appellant to 10 to 20 years of imprisonment for third-degree murder and a concurrent term of five to 10 years of imprisonment for conspiracy. On direct appeal, this Court affirmed Appellant's judgment of sentence. *See Commonwealth v. Graham*, 46 A.3d 810 (Pa. Super. 2011) (unpublished memorandum).

On February 14, 2013, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel to represent Appellant. On June 21, 2013, PCRA counsel filed a "no merit" brief pursuant to *Commonwealth v. Turner,* 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley,* 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On July 5, 2013, Appellant, *pro se*, sought to amend his PCRA petition. On July 16, 2013, pursuant to Pa.R.Crim.P. 907, the PCRA court filed a notice of intent to dismiss the PCRA petition without an evidentiary hearing. On July 30, 2013, Appellant filed *pro se* objections to the PCRA court's Rule 907 notice. On August 22, 2013, Appellant filed a *pro se* motion for a hearing pursuant to *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998). On September 27, 2013, the PCRA court entered an order dismissing Appellant's PCRA petition without an evidentiary hearing.

A timely *pro se* appeal followed. In its opinion pursuant to Pa.R.A.P. 1925(a), the PCRA court acknowledged that it did not consider Appellant's *pro se* objections to the Rule 907 notice or his request for a *Grazier* hearing, because it did not receive those filings. Thus, the PCRA court requested we remand the case so it could address Appellant's *pro se*

contentions. The Commonwealth agreed. On July 22, 2014, a panel of this Court entered a judgment order remanding the case for the PCRA court to consider Appellant's *pro se* PCRA filings.

On October 8, 2014, the PCRA court entered an order, and accompanying opinion, granting appointed counsel's motion to withdraw, denying Appellant's request for a *Grazier* hearing, and dismissing Appellant's PCRA petition. The PCRA court determined that a *Grazier* hearing was not necessary because appointed counsel properly followed the mandates of *Turner*/*Finley* and the PCRA court then permitted counsel to withdraw. The PCRA court concluded it must hold a *Grazier* hearing only in instances when a defendant seeks self-representation where counsel has not properly withdrawn. In the October 8, 2014 opinion, the PCRA court also addressed the issues raised in Appellant's *pro se* response to the court's Rule 907 notice. Those issues included claims of ineffective assistance of counsel pertaining to Appellant's negotiated guilty plea and credit for time served for time he spent in jail in Florida, as well as an unspecified violation under *Brady v. Maryland*, 373 U.S. 83, 8 (1963). This timely *pro se* appeal followed.[2]

_____

[2] Appellant filed a *pro se* notice of appeal on November 3, 2014. On December 31, 2014, the PCRA court entered an order pursuant to Pa.R.A.P. 1925(b) directing Appellant to file a concise statement of errors complained of on appeal. Appellant complied timely asserting that the PCRA erred as a matter of law by failing to hold a *Grazier* hearing. The PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a) on January 30, 2015.

Appellant presents the following *pro se* issue for our review:

> Did the PCRA [c]ourt commit an error of law and/or abuse its discretion in violating the law of the case doctrine and stare decisis, by failing to provide [Appellant] with a ***Grazier*** [c]olloquy upon remand as directed by the Superior Court [o]rder dated July 22, 2014?

Appellant's Brief at 4.

Appellant claims that this Court's prior judgment order concluded that the PCRA court erred by failing to hold a ***Grazier*** hearing and remanded the case for such a proceeding. ***Id.*** at 7-8. Thus, Appellant claims that the PCRA court erred by failing to hold a ***Grazier*** hearing. ***Id.*** Citing our Court's decision in ***Commonwealth v. Robinson***, 970 A.2d 455 (Pa. Super. 2009) (*en banc*), Appellant contends he was entitled to a ***Grazier*** hearing to determine whether he knowingly waived his right to counsel. ***Id.*** at 7. Appellant also baldly addresses his prior ineffective assistance of counsel claims pertaining to the entry of his guilty plea and credit for time served in custody in Florida. ***Id.*** at 8.

In reviewing the denial of PCRA relief,

> we examine whether the PCRA court's determinations are supported by the record and are free of legal error.
>
> $*$        $*$        $*$
>
> The PCRA court has the discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must

- 4 -

show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing. [Our Supreme Court has] stress[ed] that an evidentiary hearing is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim of ineffectiveness.

**Commonwealth v. Roney**, 79 A.3d 595, 603-605 (Pa. 2013) (internal citations and quotations omitted).

Initially, we note that the prior panel's judgment order did not specifically direct the PCRA court to hold a **Grazier** hearing. Instead, we remanded the case "for the PCRA court's consideration of [Appellant's] *pro se* filings" which included "a motion for a **Grazier** hearing[.]" Judgment Order, 7/22/2014, at 2.

In **Robinson**, the case cited by Appellant, an *en banc* panel of this Court held "that in any case where a defendant seeks self-representation in a PCRA proceeding **and where counsel has not properly withdrawn**, a hearing must be held." **Robinson**, 970 A.2d at 456 (emphasis supplied). While a PCRA petitioner is entitled to the effective assistance of counsel in prosecuting a first PCRA petition, no attorney, whether appointed or privately retained, is required to pursue a meritless PCRA action. **Turner**, 544 A.2d at 928. "Before an attorney can be permitted to withdraw from representing a petitioner under the PCRA, Pennsylvania law requires counsel to file and obtain approval of a 'no-merit' letter pursuant to the mandates of **Turner/Finley**." **Commonwealth v. Karanicolas**, 836 A.2d 940, 947 (Pa. Super. 2003). "The 'no-merit' letter should include a description of the

nature and extent of the attorney's review, a list of the issues that the PCRA petitioner wishes to have reviewed, and an explanation of why the issues lack merit." **Id.** Counsel must also notify the appellant that counsel is filing a petition to withdraw and provide him with a copy of the withdrawal petition, as well as, inform the appellant of his right to obtain private counsel, proceed *pro se,* and/or to file a supplemental brief. **See Commonwealth v. Dukeman**, 605 A.2d 418, 420 (Pa. Super. 1992). "The PCRA petitioner then may proceed *pro se*, by privately retained counsel, or not at all." **Id.**

Here, upon review of the certified record, appointed counsel followed the proper procedure for withdrawing under **Turner**/**Finley**. On June 21, 2013, appointed counsel filed an application to withdraw along with a no-merit letter and a copy of a letter advising Appellant that he must proceed with privately retained counsel or *pro se*. **See generally** Application to Withdraw Appearance, 6/21/2013. On August 22, 2013, Appellant filed a *pro se* motion for a **Grazier** hearing. Motion for **Grazier** Hearing, 8/22/2013. More specifically, Appellant averred that "irreconcilable differences" arose between him and counsel because counsel refused to communicate with Appellant or reasonably investigate his PCRA claims. **Id.** at 1, ¶ 6. Appellant requested the right to represent himself. **Id.** at 1-2, ¶ 7. A **Grazier** hearing would have been required if appointed counsel had not petitioned to withdraw and remained counsel. **Robinson**, 970 A.2d at 456. However, when the PCRA court granted appointed counsel's request to

withdraw on October 8, 2014, Appellant received the same relief that he requested through a **Grazier** hearing – the ability to proceed *pro se*. Hence, we agree with the PCRA court that a **Grazier** hearing was unnecessary. In fact, the issue is technically moot, because "[a]n issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect." **Commonwealth v. Nava**, 966 A.2d 630, 632-633 (Pa. Super. 2009) (citations omitted). In this case, the requested relief was already granted.

Finally, with regard to Appellant's ineffective assistance of counsel claims, we find those issues waived. Appellant did not list those issues in his concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). **See Commonwealth v. Hansley**, 24 A.3d 410, 415 (Pa. Super. 2011) ("issues not raised in a Rule 1925(b) statement will be deemed waived for review"). Moreover, to prevail on an ineffectiveness claim, an appellant must establish:

> (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) appellant suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.

**Commonwealth v. Fears**, 86 A.3d 795, 804 (Pa. 2014) (brackets omitted). "When an appellant fails to meaningfully discuss each of the three ineffectiveness prongs, he is not entitled to relief, and we are constrained to find such claims waived for lack of development." **Id.** (internal quotation

- 7 -

and citation omitted). Here, Appellant did not set forth the law applicable to counsel ineffectiveness, let alone discuss each of the prongs. For these reasons, Appellant waived his ineffective assistance of counsel claims.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/21/2015