**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| CURTIS HOLBROOK A/K/A | : | |
| CURTIS DIGGS, | : | No. 1156 WDA 2014 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, May 28, 2014,
in the Court of Common Pleas of Cambria County
Criminal Division at No. CP-11-CR-0000886-1991

BEFORE:  FORD ELLIOTT, P.J.E., DONOHUE AND STRASSBURGER,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED OCTOBER 30, 2015**

Curtis Holbrook a/k/a Curtis Diggs appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.

On July 31, 1991, appellant was pulled over for speeding.  Officers noticed that there were numerous air fresheners about the car, a VCR in a paper bag in the back seat, and the car had tinted windows.  Appellant gave officers permission to search his vehicle and signed a search agreement.  A cursory search of the vehicle revealed a small vial containing crack cocaine under the driver's seat.  Appellant had $924 and a pager on his person.  A further search of the vehicle at the police department revealed a bag

_____

* Retired Senior Judge assigned to the Superior Court.

containing nine smaller bags of crack cocaine which weighed 3.2 grams, small vials, and tiny plastic Ziploc baggies.

Appellant was charged with possession with the intent to deliver, possession of drug paraphernalia, and simple possession.[1] In exchange for appellant's guilty plea to possession with intent to deliver, the Commonwealth agreed to **nolle pros** the other charges.

At the plea colloquy, appellant admitted that he was in possession of 3.2 grams of crack cocaine and that he intended to sell it:

> THE COURT. Okay. Mr. Diggs, you are here with your lawyer to enter a plea to the charge of possession of 3.2 grams of crack cocaine with intent to deliver, which is a felony. And before I accept your plea I want to make sure that you know what you are doing, so I have some questions to ask of you.
>
> First of all, did you sign this document entitled "Guilty Plea Explanation of Defendant's Rights"?
>
> APPELLANT: Yes.
>
> . . . .
>
> THE COURT: Do you admit for the purposes of your guilty plea that on August 1, 1991, you were in possession of 3.2 grams of crack cocaine and that you possessed it at that time with the intent to deliver same?
>
> APPELLANT: Yes.

Guilty plea/sentencing transcript, 1/9/92 at 6, 8.

---

[1] 35 P.S. §§ 780-113(a)(30), (a)(32), and (a)(16), respectively.

On January 9, 1992, appellant was sentenced to serve 15 months to 5 years in state prison. Appellant did not appeal his sentence to this court.

On February 10, 2014, appellant filed his first PCRA petition **pro se**. Appellant alleged that counsel was ineffective in advising him to plead guilty to possession of 3.2 grams of crack cocaine, when he was actually only in possession of ½ gram (a personal use amount). He requested that his Pennsylvania state sentence be vacated. Appellant claimed he only became aware of the fact that he pled guilty to having 3.2 grams of crack cocaine at the time of his sentencing in federal court. He stated that he is currently confined in the U.S. Bureau of Prisons in Lexington, Kentucky. (Docket #19.)

On May 2, 2014, the PCRA court provided appellant with notice of its intent to dismiss the PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907(a). (Docket #21.) The PCRA court found that appellant's judgment of sentence became final on February 9, 1992 (expiration of 30-day appeal period from the date of sentencing), that appellant's PCRA petition was filed more than one year after such date, and that none of the exceptions at 42 Pa.C.S.A. § 9545(b)(1) was pled or applied. On May 28, 2014, the PCRA court dismissed the PCRA petition. (Docket #23.)

On June 30, 2014, appellant filed a **pro se** notice of appeal and filed his statement of matters complained of on appeal on August 14, 2014. It appearing that this was appellant's first PCRA petition, this court remanded

to the trial court on October 29, 2014, to determine if appellant was entitled to the appointment of counsel under Pa.R.Crim.P. 904(c) and, if so, directed counsel to file a new Rule 1925(b) statement.[2]  On November 21, 2014, the trial court appointed Gregory Neugebauer, Esq., to represent appellant on appeal.  (Docket #30.)  Attorney Neugebauer timely filed a statement of matters complained of on appeal and raised the following issue:

> I.  Whether the Trial Court abused its discretion and/or committed an error of law when it dismissed, without a hearing, Appellant's Motion for Post-Conviction Collateral Relief as untimely when the said Motion alleged an exception to the timeliness provisions as codified at 42 Pa.C.S.A. § 9545(a)(1)(ii).

Appellant's brief at 1.

Attorney Neugebauer has now filed a motion to withdraw contemporaneously with an "appellate brief filed on behalf of appellant" in which counsel indicates why he believes appellant's appeal is without merit.

Pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (**en banc**), in order to withdraw, counsel must file a "no merit" letter, outlining the

---

[2] It appears that our October 29, 2014 order erroneously remanded for the appointment of appeal counsel when, in fact, we should have remanded for the appointment of PCRA counsel since this was appellant's first PCRA petition.  However, even if PCRA counsel was able to establish one of the § 9545(b)(1) exceptions, appellant's PCRA petition would be dismissed in any event because, as discussed **infra**, he is not currently serving a sentence.  Therefore, it is unnecessary for us to address the timeliness exceptions or remand for PCRA counsel.

issues sought to be raised by appellant and explaining why those issues are meritless. In addition, counsel must state that the post-conviction court has conducted its own review and has reached the same conclusion. ***Commonwealth v. Granberry***, 644 A.2d 204 (Pa.Super. 1994); ***Commonwealth v. Dukeman***, 605 A.2d 418 (Pa.Super. 1992).

Presently, counsel has asserted that the one issue presented by appellant is without merit. His ***Finley*** letter brief demonstrates that he has examined the issues carefully and has provided an explanation of why the appeal lacks merit. Finally, he has furnished a copy of the brief to appellant, as well as a letter advising appellant of his option of proceeding ***pro se*** or with retaining an attorney.[3]

Turning to the issue on appeal, we agree with counsel that the PCRA court was correct in its assessment that appellant is ineligible for relief under the PCRA. To be eligible for relief under the PCRA, the petitioner must prove:

> (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:
>
> (i) currently serving a sentence of imprisonment, probation or parole for the crime;
>
> (ii) awaiting execution of a sentence of death for the crime; or

---

[3] We note that although appellant has properly been advised of appeal counsel's intention to withdraw, appellant has not filed a ***pro se*** appeal brief in support of his claims.

> (iii) serving a sentence which must expire before the person may commence serving the disputed sentence.

42 Pa.C.S.A. § 9543 (a)(1).

Pursuant to the clear language of the statute, at the time relief is granted, the petitioner must be currently serving a sentence for the same crime which is being challenged by the petition. Presently, while appellant is indeed currently serving a sentence, it is not for the conviction challenged in his petition.[4] The sentence for the conviction being challenged has already been completed. According to counsel, he spoke with the Board of Probation and Parole which indicated that appellant had committed at least one parole violation and was ultimately paroled on March 21, 2001, with a maximum date of January 3, 2002. Accordingly, appellant's sentence expired on January 3, 2002, while he was serving parole. (Appellant's brief at 4.) Therefore, appellant is no longer eligible for relief.

Order affirmed. Counsel is granted permission to withdraw.

Donohue, J. joins the Memorandum.

Strassburger, J. files a Dissenting Memorandum.

---

[4] According to appellant, he is currently in federal prison in Kentucky.

J. S40010/15

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  10/30/2015