J-S79018-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMIN C. WILLIAMS | : | |
| | : | |
| Appellant | : | No. 1020 MDA 2018 |

Appeal from the PCRA Order Entered May 18, 2018
In the Court of Common Pleas of Franklin County Criminal Division at
No(s): CP-28-CR-0000660-2016

BEFORE: SHOGAN, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.: **FILED JUNE 19, 2019**

Appellant, Jamin C. Williams, appeals from the order entered on May 18, 2018, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 45 Pa.C.S.A. §§ 9541-9546. On appeal, Appellant's counsel filed a petition to withdraw as counsel, and accompanying no-merit brief, pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Upon review, because we conclude that counsel fulfilled the procedural requirements of **Turner**/**Finley** and that this appeal is without merit, we grant counsel's petition to withdraw and affirm the order dismissing Appellant's PCRA petition.

The PCRA court summarized the facts and procedural history of this case as follows:

On December 9, 2016, [Appellant] entered a *nolo contendere* plea to one count each of criminal attempt – disarming law enforcement; fleeing and eluding [police]; and driving under suspension – DUI related.[1]  On that same date, [the trial c]ourt accepted the sentence[ing] terms proposed by the plea agreement and imposed a sentence of [nine] to 36 months' incarceration on the count of criminal attempt – disarming law enforcement; a consecutive [nine] to 36 months' incarceration for fleeing and eluding [police]; and a concurrent sentence of 60 days' incarceration for driving under suspension – DUI related. [Appellant] did not file post-sentence motions or a direct appeal.

On March 23, 2017, [Appellant] filed a *pro se* [PCRA petition].  The PCRA [p]etition alleged that trial counsel was ineffective for (a) failing to seek proper medical evidence to contradict the court-ordered mental health evaluation, (b) failing to work in [Appellant's] best interest or to an acceptable standard, and (c) coercing [Appellant] into waiving his preliminary hearing and entering into a plea agreement based on the threat of additional charges.  By [o]rder dated March 27, 2017, Attorney Kristin Nicklas was appointed to represent [Appellant] in furtherance of his PCRA claims.

On July 27, 2017, Attorney Nicklas filed a motion to withdraw as counsel and a "no merit" letter pursuant to [**Turner**/**Finley**]. Upon consideration of Attorney Nicklas' correspondence and [its] independent review of the record and the law, [the PCRA c]ourt entered an [o]rder on September 15, 2017, finding that [Appellant's] PCRA [p]etition lacked merit [after addressing each of the claims raised in the PCRA petition].  [The PCRA court] further advised [Appellant] of [its] intention to dismiss his PCRA [p]etition without a hearing pursuant to Pa.R.Crim.P. 907(1). Attorney Nicklas was granted leave to withdraw as counsel. [Thereafter, the PCRA court granted Appellant two requested extensions to file a *pro se* response to the impending dismissal of his PCRA.]

---

[1] 18 Pa.C.S.A. § 901/18 Pa.C.S.A. § 5104.1(a)(1), 75 Pa.C.S.A. § 3733, and 75 Pa.C.S.A. § 1542(b)(1), respectively.  The charges arose from an incident on April 16, 2016, wherein Appellant engaged in a high-speed police chase while driving under a suspended license.  When police employed tactics to stop his vehicle, Appellant crashed, tried to flee on foot across an interstate highway, and grabbed an officer's taser.  N.T., 12/9/2016, at 6-7.

On December 11, 2017, [Appellant] filed a *pro se* "[m]otion for [PCRA] [r]elief" [that the trial court deemed an amended PCRA petition.] [In that filing, Appellant] alleged for the first time that he had asked trial counsel to file [a direct appeal and requested reinstatement of his direct appeal rights.] [Appellant] included a [*pro se*] [m]emorandum of [l]aw in which he alleged that trial counsel was ineffective for failing to seek "proper medical records," failing to notify him of his mental health rights, and failing "to have a complete and competent evaluation." [The PCRA court] entered an [o]rder on December 18, 2017, advising [Appellant] it would no longer entertain claims of ineffective assistance [of counsel] with respect to his mental health records and evaluation process as these claims were disposed of by prior [o]rder [entered on September 15, 2017]. [The PCRA court] did, however, schedule an evidentiary hearing and appoint[ed] Attorney Michael Palermo to assist [Appellant] in pursuing his claim of ineffective assistance of counsel for failing to file an appeal.

The evidentiary hearing was held on April 26, 2018 *via* video conferenc[e].

\* \* \*

After the evidentiary hearing, [the PCRA c]ourt concluded [Appellant] was entitled to no relief and issued an [o]rder [and accompanying opinion] denying [Appellant's original and amended] PCRA [p]etition[s] on May 18, 2018.

J-S79018-18

PCRA Court Opinion, 8/28/2018, at 1-5 (original footnotes omitted). This

timely appeal resulted.[2] Counsel for Appellant presents one issue[3] in the

***Turner*/*Finley*** brief:

> Whether the PCRA court committed an abuse of discretion by
> denying relief on Appellant's claim that trial counsel was
> ineffective for failing to file a requested direct appeal on his
> behalf?

***See Turner*/*Finley*** Brief at 4-5.

Prior to addressing the merits of the issue raised in the ***Turner*/*Finley***

brief, we must determine whether counsel met the procedural requirements

necessary to withdraw. Counsel seeking to withdraw in PCRA proceedings

> must review the case zealously. ***Turner*/*Finley*** counsel must then
> submit a "no-merit" letter to the [PCRA] court, or brief on appeal
> to this Court, detailing the nature and extent of counsel's diligent

---

[2] Appellant filed a timely, counseled notice of appeal. Thereafter, Appellant requested a change in appointed counsel and the PCRA court eventually appointed Attorney Kristopher Accardi to represent Appellant on appeal. Attorney Accardi timely complied with the PCRA court's subsequent direction to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a) on August 28, 2018. On appeal, Attorney Accardi initially filed a motion to withdraw as counsel, and accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). On January 7, 2019, Appellant filed a *pro se* application for the appointment of new counsel with this Court. On February 4, 2019, this Court filed a memorandum denying counsel's motion to withdraw and remanded the case with instructions for counsel to obtain the notes of testimony from the PCRA evidentiary hearing held on April 26, 2018. We also directed counsel for Appellant to then file either an advocate's brief or a no-merit letter pursuant to ***Turner*/ *Finley***. Attorney Accardi has complied. In response, on May 14, 2019, Appellant filed a second *pro se* application for the appointment of substitute counsel, wherein he also raises three issues he asked Attorney Accardi to pursue.

[3] We have paraphrased the issue presented for clarity and ease of discussion.

- 4 -

review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

Where counsel submits a petition and no-merit letter that satisfy the technical demands of ***Turner***/***Finley***, the court — [the PCRA] court or this Court — must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

***Commonwealth v. Muzzy***, 141 A.3d 509, 510–511 (Pa. Super. 2016) (citations and original brackets omitted). Here, counsel fulfilled all of the procedural requirements necessary for withdrawing as PCRA counsel. Thus, we turn to analyze the merits of the sole claim raised in the ***Turner***/***Finley*** brief.

As we have stated:

[t]his Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by evidence of record and is free of legal error. In evaluating a PCRA court's decision, our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the [PCRA hearing] level. We may affirm a PCRA court's decision on any grounds if it is supported by the record.

***Commonwealth v. Rivera***, 10 A.3d 1276, 1279 (Pa. Super. 2010) (citations omitted). "The PCRA court's credibility determinations, when supported by the record, are binding; however, [appellate courts apply] a *de novo* standard

of review to the PCRA court's legal conclusions." ***Commonwealth v. Montalvo***, 205 A.3d 274, 286 (Pa. 2019).

To be eligible for relief under the PCRA, the petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from "one or more" of the seven, specifically enumerated circumstances listed in 42 Pa.C.S.A. § 9543(a)(2).  One of these statutorily enumerated circumstances is the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place."  42 Pa.C.S.A. § 9543(a)(2)(ii).

This Court has previously determined:

The law presumes counsel has rendered effective assistance. The burden of demonstrating ineffectiveness rests on [a petitioner]. To satisfy this burden, [a petitioner] must plead and prove by a preponderance of the evidence that: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different. Failure to satisfy any prong of the test will result in rejection of the [petitioner's] ineffective assistance of counsel claim.

Our Supreme Court has held that where there is an **unjustified** failure to file a requested direct appeal, the conduct of counsel falls beneath the range of competence demanded of attorneys in criminal cases and denies the accused the assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution, as well as the right to direct appeal under Article V, Section 9, thus constituting prejudice and *per se* ineffectiveness for PCRA purposes.

Before a court will find ineffectiveness of trial counsel for failing to file a direct appeal, [a petitioner] must prove that he requested an appeal and that counsel disregarded this request. In such a circumstance, a [petitioner] is automatically entitled to reinstatement of his appellate rights.

*Commonwealth v. McGarry*, 172 A.3d 60, 70–71 (Pa. Super. 2017) (internal citations and quotations omitted) (emphasis in original).

In this case, the PCRA court held an evidentiary hearing on April 26, 2018, wherein Appellant and trial counsel, Casey Bogner, Esquire testified. The PCRA court summarized the PCRA hearing testimony as follows:

At the [PCRA] hearing, [the PCRA court] heard testimony from Acting Chief Public Defender Casey Bogner who represented [Appellant] at the time he entered his *nolo contendere* plea and was sentenced. Attorney Bogner testified that [Appellant] did not have a competency issue and [] understood what was happening.

Attorney Bogner stated on the record at the time of the plea and the sentence that she had advised [Appellant] of his post-sentence and appellate rights. Attorney Bogner further testified that she always discusses post-sentence and appellate rights with her client off the record. She acknowledged that one of the questions in the written plea colloquy advises the client of post-sentence and appellate rights; thus, she goes into further detail with her clients when reviewing that question on the colloquy. Attorney Bogner specifically recalled reviewing post-sentence and appellate rights with [Appellant].

With respect to [Appellant's] alleged request that [Attorney Bogner] file a direct appeal, Attorney Bogner testified that [Appellant] did not advise her that he wanted to appeal. She did not receive correspondence from [Appellant] at any time after his sentence was imposed asking her to file an appeal to the Superior Court. While [Appellant] twice sent correspondence to Attorney Bogner, [Appellant] never requested that she file either a post-sentence motion or a direct appeal; rather, [Appellant] wrote to Attorney Bogner inquiring about credit time and state parole proceedings.

The [PCRA] court also heard testimony from [Appellant]. [Appellant] asserted that he notified Attorney Bogner that he wanted to appeal by a letter sent on December 16[, 2016]. He further testified that, although he did not attach a copy of the letter to his Amended [PCRA] petition, he had a copy at the state correctional institution.

[Appellant] understood that he entered a [*nolo contendere*] plea. He testified that he did not understand that he has a limited right to appeal as a result of the [*nolo contendere*] plea. [Appellant] alleged that he did not recall Attorney Bogner reviewing his post-sentence rights with him.

PCRA Court Opinion, 8/28/2018, at 4-5.

Following the evidentiary hearing, the PCRA court concluded:

After an evidentiary hearing, [the PCRA court] concluded that [Appellant] did not meet his burden of showing that he requested a direct appeal. Attorney Bogner credibly testified that she reviewed [Appellant's] rights with [him] at the time of his plea and sentencing. She averred that [Appellant] did not request that she file an appeal on the date of sentencing or anytime after. While [Appellant] testified that he sent Attorney Bogner a letter requesting that she file an appeal on his behalf, [Appellant] presented no evidence at the evidentiary hearing to support this bare assertion. As a result, [the trial court] could not find that Attorney Bogner heard but ignored or rejected a request that she file an appeal on [Appellant's] behalf.

*Id.* at 8 (quotations and citations omitted).

Upon review, we are bound by the PCRA court's determination that Attorney Bogner testified credibly, as that decision is fully supported by the record. Here, Attorney Bogner testified that Appellant did not ask her to appeal immediately following the imposition of his sentence. N.T., 4/26/2018, at 9. Thereafter, Appellant contacted Attorney Bogner twice by written correspondence, when she could still file a timely notice of direct appeal, but Appellant never requested an appeal. *Id.* at 9-11. Instead, Appellant asked

trial counsel questions pertaining to credit for time-served and parole. ***Id.*** Although Appellant claimed he wrote a letter to counsel requesting a direct appeal, he did not produce it. ***Id.*** at 13-14. Based on all of the foregoing, we find no merit to the issue presented in the ***Turner***/***Finley*** no-merit brief.

Next, we turn to Appellant's two *pro se* applications for the appointment of new PCRA counsel currently pending before this Court. While Appellant requests the appointment of new PCRA counsel in both *pro se* applications, he also asserts, for the first time on appeal, three additional ineffective assistance of counsel issues. ***See*** *Pro Se* Motion for Change of Appointed Counsel, 1/7/2019, at 5-6, ¶13; ***see also*** *Pro Se* Renewed Motion for Change of New Appointed Counsel, 5/14/2019, at 8-9. We first examine Appellant's three new issues and treat them as part of a *pro se* response to PCRA counsel's petition to withdraw.

Initially we note that Appellant contends that PCRA counsel was ineffective for failing to raise the issue that trial counsel failed to file a timely direct appeal. ***See*** *Pro Se* Renewed Motion for Change of New Appointed Counsel, 5/14/2019, at 9. However, that issue was, in fact, presented herein and we have already determined that there is no merit to it.

Appellant next claims that trial counsel was ineffective for failing to file a motion to suppress video footage from the crime scene. ***Id.*** at 8. A petitioner averring ineffective assistance of counsel based on the failure to file a motion to suppress must prove that the underlying suppression claim has merit. ***See Commonwealth v. Jones***, 942 A.2d 903, 909 (Pa. Super. 2008).

Without such proof, a petitioner fails to meet his burden of showing that his ineffectiveness claim is of arguable merit. *Id.* Here, Appellant baldly contends that video footage of the crimes was inadmissible, without any analysis. Appellant has not met his burden of proof. Moreover, it is well-settled "that a defendant who pleads *nolo contendere* waives all defects and defenses except those concerning the jurisdiction of the court, legality of sentence, and validity of plea." *Commonwealth v. Kraft*, 739 A.2d 1063, 1064 (Pa. Super. 1999). Here, Appellant is not contesting the validity of his plea. Finally, we note that in his written plea colloquy, Appellant acknowledged that by pleading *nolo contendere*, he gave up his right to file pretrial motions. Written Plea Colloquy, 12/9/2016, at 3, ¶ 6(b). For all of the foregoing reasons, there is no merit to Appellant's claim that trial counsel was ineffective for failing to file a pretrial motion for suppression.

Further, Appellant claims that counsel was ineffective for failing to investigate, interview, and subpoena unnamed witnesses. *See Pro Se* Renewed Motion for Change of New Appointed Counsel, 5/14/2019, at 8. In order to demonstrate counsel's ineffectiveness for failure to call a witness, a petitioner must prove that "the witness existed, the witness was ready and willing to testify, and the absence of the witness' testimony prejudiced petitioner and denied him a fair trial." *Commonwealth v. Stahley*, 201 A.3d 200, 211 (Pa. Super. 2018) (citation omitted). Appellant has not offered any proof that specific witnesses existed and were ready to testify. As such, this claim fails.

Thus, in sum, having found that PCRA counsel complied with the procedural requirements for withdrawing as counsel and the collateral issues Appellant wished to pursue lacked merit, we grant counsel's petition to withdraw and affirm the order denying Appellant PCRA relief.

Finally, we address Appellant's requests for the appointment of new PCRA counsel. If counsel is permitted to withdraw pursuant to **Turner**/**Finley**, the PCRA petitioner may then proceed *pro se*, through privately retained counsel or not at all; however, the petitioner is not entitled to the appointment of new counsel. **See Commonwealth v. Dukeman**, 605 A.2d 418, 420 (Pa. Super. 1992), *citing* **Commonwealth v. Maple**, 559 A.2d 953, 956 (Pa. Super. 1989) ("[W]hen counsel has been appointed to represent a petitioner in post-conviction proceedings as a matter of right under the rules of criminal procedure and when that right has been fully vindicated by counsel being permitted to withdraw under the procedure authorized in **Turner**, new counsel shall not be appointed and the petitioner, or appellant, must thereafter look to his or her own resources for whatever further proceedings there might be."). As such, Appellant is not entitled to the appointment of new counsel and we deny his applications for relief.

Petition to withdraw as counsel granted. Motion for Change of Appointed Counsel and Renewed Motion for Change of New Appointed Counsel denied. Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>06/19/2019</u>